UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA


| | | |
|---|---|---|
| DAVID G. MADSEN, | ) | |
| | ) | |
| Petitioner, | ) | 2:04-cv-01452 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| DORA B. SCHRIRO, *et al.*, | ) | [Re: Report at Docket 121] |
| | ) | |
| Respondents. | ) | |
| | ) | |

The factual background of this matter is recited at docket 121 and will not be repeated here. David G. Madsen ("Madsen") filed his petition for a writ of habeas corpus on July 15, 2004.[1] After briefing on the matter concluded, Magistrate Judge Carruth filed a report recommending that the petition be denied and dismissed with prejudice.[2] This court rejected that report on the ground that the Magistrate Judge had failed to consider two issues relevant to whether Petitioner was entitled to equitable tolling of the statute of limitations: (1) Petitioner's claim that his attorney's conduct prevented him from timely filing his petition; and (2) Petitioner's claim that evidence of

---

[1]Docket 1.

[2]Docket 14.

an actual discharge of a gun like the one that Petitioner was convicted of using to shoot his wife supports a finding that Petitioner is innocent.³  Magistrate Judge Guerin, to whom the matter was assigned upon Magistrate Judge Carruth's retirement, bifurcated the two issues and issued a new Report and Recommendation as to issue 1, which this court adopted on September 12, 2007.⁴

As to issue 2, Magistrate Judge Guerin ordered Madsen to provide supplemental briefing on his accidental discharge claim.  Madsen submitted a supplemental brief to Magistrate Judge Guerin on September 4, 2007.  In his supplemental brief, Madsen claimed that new evidence supported his contention that a 9mm Glock firearm could discharge involuntarily.⁵  Madsen failed to provide any evidence in support of his supplemental brief, and Magistrate Judge Guerin issued an order on November 8, 2007, requesting a supplement to Madsen's supplemental brief.⁶  Madsen's supplement, filed on December 19, 2007, contained four exhibits:  Attachment A contained police reports pertaining to tests and inquiries about Madsen's Glock firearm; Attachments B and C contained testimony from Mr. William Haberlund and Mr. Robert Barrkman during Madsen's trial; and Attachment D contained documentation, including a police report, regarding the involuntary discharge of a Glock firearm in the Gila County courthouse on

---

³Docket 17.

⁴Docket 111.

⁵Docket 110 at 2.

⁶Docket 116.

September 16, 2004.[7]  By his supplemental brief and these exhibits, Madsen attempted to show that because he can point to one incident of an involuntarily discharged Glock firearm, the outcome of his trial is suspect, citing *Schlup v. Delo*, 513 U.S. 298 (1995).

Magistrate Judge Guerin reviewed Madsen's supplemental briefing and concluded in her Report and Recommendations dated September 3, 2008, that Madsen is not entitled to relief under *Schlup v. Delo*, 513 U.S. 298 (1995) because he failed to prove that a reasonable juror, confronted with evidence of an unrelated, involuntary discharge of a Glock firearm, would have found Madsen not guilty.[8]  Furthermore, Magistrate Judge Guerin concluded that Madsen failed to establish a freestanding claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390 (1993) because *Herrera* establishes an even higher standard than *Schlup*.[9]  Magistrate Judge Guerin therefore recommends that this court enter an order denying Madsen's request for an evidentiary hearing and dismissing his Petition for Writ of Habeas Corpus.[10]

Madsen objects to Magistrate Judge Guerin's Report and Recommendations on the ground that Magistrate Judge Guerin "fails to give proper weight to the evidence presented in this petition and misconstrues the evidence that had been presented at trial in reference to the accidental discharge of the firearm."[11]  Specifically, Madsen

---

[7] *See* Docket 119.

[8] Docket 121 at 7.

[9] Docket 121 at 7-8.

[10] Docket 121 at 8.

[11] Docket 125 at 1.

contends that if the Magistrate Judge were to credit evidence that a Glock firearm "in perfect working order" can misfire, then the expert testimony at trial that Madsen's Glock firearm did not actually misfire would be "incorrect as a matter of fact."[12] Madsen further argues that, under *Schlup*, no reasonable juror, presented with evidence that a Glock firearm *can* discharge involuntarily, would have convicted him.[13] As Magistrate Judge Guerin correctly concluded, this evidence is not "more reliable or more probative than the reports and witness statements already submitted" because testifying experts concluded that Madsen's gun was *actually* fired.[14] Furthermore, it appears that the jury already credited Madsen's claim that the gun accidentally discharged because it convicted him of the lesser offense of manslaughter, which only requires a finding of recklessness, although he was charged with second-degree murder.[15] This court therefore adopts Magistrate Judge Guerin's Report and Recommendations with respect to Madsen's *Schlup* claim.

Respondent Dora B. Schriro partially objects to Magistrate Judge Guerin's Report and Recommendations and attacks Magistrate Judge Guerin's intimation at docket 121, footnote 2, that "equitable tolling of the 1-year limitations period under 28 U.S.C. § 2244(d)(1) survives in light of *Bowles v. Russell*, 551 U.S. ___, 127 S. Ct. 2360

---

[12] *Id.* at 2.

[13] *Id.* at 2-3.

[14] Docket 121 at 6.

[15] Docket 121 at 7.

(2007)."[16]  The Magistrate Judge relies for this proposition on a decision by the Supreme Court from the same term, *Lawrence v. Florida*, 127 S. Ct. 1079 (2007), where the Court noted that "[it has] not decided whether § 2244(d) allows for equitable tolling."[17]  Because the Magistrate Judge denies Madsen's petition on other grounds (*see supra*), her discussion of *Bowles* and *Lawrence* is unnecessary to the disposition of Madsen's petition.  Therefore, this court declines to adopt footnote 2 of the Magistrate Judge's Report and Recommendations.

The court reviews a magistrate judge's recommendations as follows: All recommended findings of fact as to which an objection is noted and all recommended conclusions of law are reviewed de novo, and all recommended findings of fact as to which no objection is taken are reviewed for clear error.  Having applied that standard of review, this court finds that the magistrate judge's recommendations are correct in all material respects and hereby adopts her recommended findings of fact and conclusions of law, with the exception of footnote 2.  Therefore, Madsen's petition is **DENIED**, and this case is dismissed with prejudice.  The Clerk will please enter judgment accordingly.

DATED at Anchorage, Alaska, this 6th day of November 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[16] Docket 122 at 1.

[17] *Lawrence*, 127 S. Ct. at 1085.